# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| VIRGIL J. MEEKS, | § | |
| Plaintiff, | § § § | |
| v. | § § | EP-09-CV-298-KC |
| SWIFT TRANSPORTATION INC., et al., | § § § | |
| Defendants. | § § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Remand ("Pl.'s Mot.") (Doc. No. 4). For the reasons set forth herein, the Motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff Virgil J. Meeks ("Meeks") is a resident of El Paso, Texas. Pl.'s Original Pet. 1.[1] Defendant Swift Transportation is a citizen of Arizona and possibly Nevada. Defs.' Notice of Removal ("Notice of Removal.") (Doc. No. 1) ¶¶ 4–5.[2] Meeks was employed by Swift and was

---

[1] The Original Petition was filed as an exhibit to Defendants' Notice of Removal. It can be found starting on page 9 of document number 1-2 in the electronic docket. Page references here, though, are to its internal pagination.

[2] There is some confusion regarding the exact names and roles of the corporate entities named as Defendants in the Original Petition. Defendants claim that "Swift Transportation Co. Inc." was Meeks's actual employer, and is solely a citizen of Arizona. Notice of Removal ¶ 4. They also claim that "Swift Transportation Corporation" was not Meeks's employer and is improperly joined in the suit, but its joinder has no impact on the Court's diversity jurisdiction because it is a citizen of Arizona and Nevada. *Id.* ¶ 5. Finally, Defendants claim that "Swift Transportation Inc." does not actually exist and should be read as a reference to "Swift Transportation Co. Inc."

1

injured on the job while he was present at its facility in Los Lunas, New Mexico, in October 2007.³ He subsequently filed for worker's compensation benefits the State of New Mexico. *Id.* ¶ 2. Shortly after his accident, Meeks returned to work at Swift's El Paso location, on light duty. Pl.'s Original Pet. 2. On April 14, 2009, Meeks filed a Worker's Compensation Complaint ("WC Complaint") against Swift, with the New Mexico Workers' Compensation Administration ("WCA"), seeking temporary and permanent disability benefits, medical benefits, and attorneys' fees and other costs.⁴ *See* Not. of Removal Ex. B. By June 4, 2009, Meeks was medically approved to drive a truck again, subject to a restriction that he not load or unload the cargo. *Id.;*

---

        Notice of Removal ¶ 12. As the issue of improper joinder is not reached, these corporate entities will simply be collectively referred to as "Swift Transportation" or "Swift."

3        The exact date of the accident is unclear. Swift states that it took place on October 17, 2007. *See* Notice of Removal 2. The same date appears in the Declaration of Rachel Monti. *See* Notice of Removal Ex. A. Meeks reports a date of October 15, 2007. Original Pet. 2. This date is also reported in the copy of the New Mexico Workers' Compensation Complaint that *Swift* attached as Exhibit B to its Notice of Removal. The exact date is immaterial for present purposes, so the Court refers to the time of the accident as simply October 2007.

4        The WCA recognizes two different stages in filing a claim. Shortly after an accident, a worker "files a claim" with his or her employer, which begins the insurance adjustment process. NEW MEXICO WORKERS' COMPENSATION ADMINISTRATION, THE WORKERS' COMPENSATION HANDBOOK FOR NEW MEXICO, BOOKLET B1: "WHAT TO DO AFTER AN ACCIDENT" (2007 ed.) at 23. Later, if a disagreement persists between the worker and the employer or insurer over the claim, the worker may file a "complaint" with the WCA, which is sometimes called a "claim;" this step is like filing a lawsuit. *Id.* While the pleadings are somewhat unclear on this point, the Court assumes, for the purposes of this Motion, that the initial claim was filed properly in the period immediately after the accident and that the WC Complaint, filed on April 14, 2009, about two months before Meeks's employment was terminated, was filed because a dispute arose concerning the initial claim.

*see also* Texas Workers' Compensation Work Status Report ("Doctor's Report"), Pl.'s Original Pet. Ex. 1. On June 16, 2009, Weeks' employment was terminated, allegedly in retaliation for his New Mexico workers' compensation activity. *Id.* at 2.

On June 30, 2009, Meeks filed his Original Petition in the County Court At Law Number Three, El Paso County, Texas, styled *Virgil J. Meeks v. Swift Transportation Inc., Swift Transportation Co. Inc., Swift Transportation Corporation*, Cause No. 2009-2918, complaining of his allegedly retaliatory discharge, and seeking relief under unspecified theories of recovery. *Id.* at 1, 3. On August 14, 2009, Swift timely removed the case to this Court, claiming diversity jurisdiction, and further arguing that prohibition on removing cases arising under workers' compensation laws was inapplicable here because the instant case does not actually arise under such laws. Not. of Removal ¶¶ 2, 3, 8. On September 11, 2009, Meeks timely moved to remand the case to state court, arguing that the instant case arises under the anti-retaliation provisions of state workers' compensation law. Pl.'s Mot. ¶¶ 9–10. He also seeks attorneys' fees on the grounds that the removal to federal court was objectively unreasonable. *Id.* ¶ 1. On September 25, 2009, Swift filed a Response (Doc. No. 5). On October 9, 2009, Meeks filed a Reply ("Pl.'s Reply") (Doc. No. 6). On October 13, 2009, Swift filed an Unopposed Motion for Leave to File a Sur-Reply, which contained a copy of the proposed sur-reply brief (Doc. No. 7).[5] On the same date, Meeks filed a document styled as a Response to the Unopposed Motion for Leave to File, which in substance was actually a Sur-Sur-Reply which dealt with the merits of the Sur-Reply and the underlying Motion to Remand ("Pl.'s Sur-Sur-Reply") (Doc. No. 8).

---

[5] The text of the Sur-Reply starts on page five of document number seven on the electronic docketing system. Any references to the Sur-Reply will use its internal pagination.

## II. DISCUSSION

### A. Standard

A defendant may remove an action from state court to federal court if the action is one which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). The removing party, as the party seeking the federal forum, must show that federal jurisdiction exists and that removal is proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In evaluating jurisdiction, "any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* A defendant may not remove a case "arising under" state workers' compensation law to federal court, even if the court would otherwise have a basis, such as diversity. for subject-matter jurisdiction. 28 U.S.C. § 1445(c); *see also Jones v. Roadway Express*, 931 F.2d 1086, 1091 (5th Cir. 1991) (observing that § 1445(c) was meant to "restrict diversity jurisdiction and [] stop the removal of compensation cases"). When an improper removal of a workers' compensation case is timely challenged, the appropriate response is to remand the case to state court. *Roadway Express*, 931 F.2d at 1092–93.

### B. Meeks's Suit Arises Under Workers' Compensation Law

Meeks's Original Petition contains no explicit discussion of workers' compensation law. *See generally* Pl.'s Original Pet. Yet it is clear that if his suit states any claim, it is a claim seeking redress under a theory of retaliatory discharge for his workers' compensation claims activity. *Id.* at 2 ("Plaintiff was terminated in retaliation to [sic] his filing of a Workers'

Compensation claim, and Plaintiff has been damaged in ways that are set forth . . . below.").[6]
The Texas workers' compensation statutes contain an anti-retaliation provision, under which an employer may be held liable in damages for firing an employee because of that employee's choice to file a workers' compensation claim. *See* TEX. LAB. CODE § 451.001. It is settled law that suits sounding in retaliatory discharge, and seeking recovery under that Texas statute, are suits arising under state workers' compensation laws for the purposes of 28 U.S.C. § 1445(c). *See Roadway Express*, 931 F.2d at 1092; *see also Sherrod v. American Airlines*, 132 F.3d 1112, 1118 (5th Cir. 1998). Meeks further stresses the workers' compensation issue when he alleges that the "Defendant was a subscribers [sic] to the Texas Workers Compensation Commission." *Id.* at 3.

Swift Transportation, for its part, immediately grasped that Meeks's factual allegations are actionable, if at all, only under a workers' compensation anti-retaliation law, and argued this point to the Court. *See* Notice of Removal ¶ 2 ("[I]t appears that Plaintiff is attempting to invoke Texas Labor Code § 451.001, which prohibits retaliation against an employee for filing a workers compensation claim."). Meeks acknowledged this in his Motion, and argued that because this case invokes Texas workers' compensation law, removal is improper.[7] *See* Pl.'s Mot. to Remand

---

[6] As both Texas courts and the Federal courts subscribe to a theory of notice pleading, these pleadings are sufficient; specific theories of law need not be propounded at the pleading stage. *See* TEX. R. CIV. P. 45(b), 47(a); *see also* FED. R. CIV. P. 8(a).

[7] The New Mexico statutes also contain an anti-retaliation provision, which provides for reinstatement and civil fines to the employer in such cases. *See* N.M. STAT. § 52-1-28.2. The statute does not provide for an action at law for money damages in such cases, but the Supreme Court of New Mexico has recognized that a common-law cause of action, sounding in retaliatory discharge, applies to such cases because of the

5

¶¶ 10–13; *see also* 28 U.S.C. § 1445(c) (prohibiting the removal of workers' compensation cases).

Both sides having agreed that Meeks's filing seeks recovery under the Texas anti-retaliation statute, Swift proceeds to argue that Meeks's claim is not actually a § 451.001 claim because it is doomed to failure on the merits. *See generally* Swift Resp. For instance, Swift asks, "[d]oes the Texas Workers' Compensation Act protect a worker who seeks workers' compensation benefits in New Mexico from an employer who is not a subscriber to workers' compensation in Texas?" *Id.* at 1. It then answers its own question, "[n]o," and cites case law supporting the proposition that the Texas anti-retaliation statute does not protect workers who file workers' compensation claims in other states, especially against employers who are no longer subscribers to the Texas system, and were not subscribers at the time of the alleged retaliatory firing. *Id.* at 1, 3, 5.

This line of reasoning misses the mark; it adopts the wrong criteria for ascertaining whether a case "arises under" state workers' compensation law. Under Fifth Circuit precedent, whether a case "arises under" workers' compensation law is to be evaluated in a manner consistent with the way in which cases are evaluated for federal question jurisdiction, which

---

public policy established by the statute. *See Michaels v. Anglo Am. Auto Auctions, Inc.*, 869 P.2d 279 (N.M. 1994). At least one federal court in New Mexico, though, has held that a such a claim does not "arise under" state workers' compensation laws in the way that cases citing the Texas anti-retaliation statute do, making such New Mexico retaliation suits removable – unlike Texas suits. *See Rubio v. McAnally Enter., L.L.C.*, 374 F. Supp. 2d 1052, 1055 (D.N.M. 2005). Accepting this holding, then, it follows that any opposition to removal, on the basis that claims arising under workers compensation laws are non-removable, must be in connection with Texas law.

6

requires the case to "arise" under the Constitution or laws of the United States. *Roadway Express*, 931 F.2d at 1092. Borrowing, therefore, a standard from federal question jurisprudence, a case may be said to "arise" under "the law that creates the cause of action." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal.* (*Constr. Laborers*), 463 U.S. 1, 8–9 (1983) (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *see also Roadway Express*, 931 F.2d at 1092 (approving the use of the *Constr. Laborers* standard in the workers' compensation context).[8]

Elaborating further, the Supreme Court explained that a question "arises under" federal law if a plaintiff "will be obliged to establish the correctness and the applicability to his case of a proposition of federal law." *Constr. Laborers*, 463 U.S. at 9. Reading this standard closely, it is apparent that a case "arises" under workers' compensation law *from the instant* it becomes clear that the plaintiff will have to invoke, explain and apply workers' compensation law, regardless of ultimate success. By the time a court rules on whether a plaintiff's invocation of that law is well taken or misguided, it is too late because the suit has already arisen under that law. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) (holding that federal question jurisdiction, which requires that an action arise under the Constitution or law of the United States, "is not defeated . . . by the

---

[8] Swift points out that the Fifth Circuit has held that the workers' compensation non-removal statute, 28 U.S.C. § 1445(c), is not jurisdictional. *See* Swift Sur-Reply 2 (citing *Williams v. AC Spark Plugs*, 985 F.2d 783, 786 (5th Cir. 1993)). Thus the meaning of "arising under" in federal question law affects the *jurisdictional* analysis there, but it does not affect jurisdiction in workers' compensation removal cases. As Meeks eventually argues, this distinction is immaterial, because what is common between these two classes of cases – and crucial to the issue at hand – is the question of the meaning of the term "arising under," and not the nature of the consequences which flow from applying it. *See* Pl.'s Sur-Sur-Reply ¶ 2.

7

possibility that the averments might fail to state a cause of action on which the court can grant relief").

In going to all these lengths, Swift asks this Court to do what the holding in *Bell* prohibits, which is to take a set of arguments that amount to a Rule 12(b)(6) motion on the merits and attempt to frame them as a question of whether a case "arises" under a particular law. Swift concedes that "a legitimate § 451.001 claim is subject to the prohibition against removal," and in making this concession its assumes that, if it could only somehow demonstrate that Meeks's claim was not a "legitimate" retaliation claim, it could sustain removal. Swift Resp. 4. The fundamental error is that Swift's concession does not go far enough; strike the word "legitimate" and the statement of law is more plausible. Even a poorly founded claim, vulnerable to a Rule 12(b)(6) motion to dismiss, still "arises under" the very law which, by failing to satisfy its terms or tests, dooms that claim. *See Bell*, 327 U.S. at 682 ("[I]t is well settled that the failure to state a *proper* cause of action calls for a judgment on the merits and not a dismissal for want of jurisdiction [for failure to "arise" under federal law]") (emphasis added). In trying to show that the claim is not "legitimate," or proper, by discussing the scope of protection offered by the Texas anti-retaliation statute and arguing that Meeks falls outside it, Swift fully engages with questions concerning the "correctness and applicability" of certain propositions and interpretations of the anti-retaliation statute, which are the very hallmarks of a case arising under a particular body of law. *See* Swift Resp. 1, 6; *see also Constr. Laborers*, 463 U.S. at 9. It is clear, by the very arguments that Swift makes when trying to show that the case does not arise under Texas workers' compensation law, that the case actually does arise under that law. As such, it is subject to remand to state court upon a timely motion, such as the instant one. *See*

*Roadway Express*, 931 F.2d at 1092–93.

### C. Attorneys' Fees

Meeks asks for any award of attorneys' fees in connection with the instant Motion. Pl.'s Mot. to Remand 1. A district court is empowered by statute to award attorneys' fees in cases of improper removal. 28 U.S.C. § 1447(c). The Supreme Court has qualified this power, setting limits on a district court's discretion. *See Martin v. Franklin Fin. Corp.*, 546 U.S. 132 (2005). Specifically, it has held that fees may be awarded when the removing litigant "lacked an objectively reasonable basis for seeking removal." *Id.* at 141. It has also stated that the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140.

The present circumstances do not justify an award of fees. It appears that Swift did not seek removal of this case out of a desire to dilate and prolong the litigation, or impose costs on the opposing party, but in an attempt to find a venue that would readily entertain its arguments concerning the scope and applicability of the relevant statutes, and resolve the case expeditiously on such a basis. Swift's arguments about the correctness of removal, specifically its theory of when a case "arises" under workers' compensation law, are wrong. But simply being wrong about a point of removal law is not proof of objective unreasonableness. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir. 2000). The Court further observes that there is apparently no established precedent which squarely addresses the application of the workers' compensation anti-removal provisions to Texas retaliation cases involving out-of-state workers' compensation activity, which would have put Swift clearly on notice that it was taking an

incorrect approach. Accordingly, the Court, in its discretion, declines to award attorneys fees' to Meeks.

**III.     CONCLUSION**

For the reasons set forth above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion. The case is hereby **REMANDED** to state court, but an award of attorneys' fees is hereby **DENIED**.

**SO ORDERED.**

**SIGNED** on this 11th day of December, 2009.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE